UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-127-JBC

REBECCA WALLACE, et al.,                                                              PLAINTIFFS,

V.                         MEMORANDUM OPINION & ORDER

FORTUNE HI-TECH MARKETING, INC., et al.,                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion to compel arbitration and to dismiss or stay all proceedings, R.44. For the following reasons, the court will deny the motion.

The plaintiffs are past independent representatives ("IRs") of Fortune Hi-Tech Marketing, Inc. ("FHTM"), who filed suit against the defendants for allegedly operating an illegal pyramid scheme in violation of California state and federal laws. The plaintiffs assert claims of RICO and California Business and Professions Code violations and seek a judgment declaring FHTM's arbitration and forum selection provisions unconscionable and unenforceable. The defendants include FHTM, FHTM officers, and other individuals. Together they move to compel arbitration, arguing that this action should be submitted to arbitration because the plaintiffs' claims are covered by a valid arbitration agreement.

The defendants point to two documents, the application and agreement and the FHTM policies and procedures, which they claim contain arbitration provisions

to which the plaintiffs assented and by which they are bound.  The plaintiffs disagree, stating that they are not bound to arbitrate with FHTM because the parties never agreed to arbitrate, the FHTM agents had no authority to bind the plaintiffs to an arbitration policy, and the arbitration provision is illusory.  Finding that the alleged agreement to arbitrate is illusory, the court will deny the motion to compel arbitration.

The Federal Arbitration Act ("FAA") provides that "an agreement in writing to submit to arbitration an existing controversy arising out of . . ." "a contract evidencing a transaction involving commerce . . . " "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  In deciding whether to compel parties to arbitrate under the FAA, the court must make four determinations:

> "first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if the federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration."

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Kentucky contract law "governs in determining whether the arbitration clause itself was validly obtained," *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 686-87; *see also Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1014 (6th Cir. 2003), but in making determinations on the scope of arbitrable issues, "any doubts regarding arbitrability should be resolved in favor of arbitration." *Moses*

*H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The parties did not agree to arbitrate because there was no exchange of consideration. "Every contract requires mutual assent and consideration." *Cuppy v. General Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964). A promise may act as consideration for an agreement as long as "the promisor receives in exchange for that promise some act or forbearance, or the promise thereof." *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306 (6th Cir. 2000). Here, the alleged agreement to arbitrate consisted of promises by both parties to arbitrate. *See* R.1-1, p. 50. But FHTM's promise to arbitrate is illusory because of a provision in the FHTM policies and procedures (which are incorporated into the application and agreement, R.1-1, p.29) that authorizes FHTM to unilaterally amend all of its obligations under the Agreement — meaning, collectively, the FHTM application and agreement, the FHTM trainer/coach agreement, the policies and procedures, and the marketing and compensation plan. R.1-1, p.29.

The amendment provision renders illusory the alleged agreement to arbitrate because FHTM "has in actuality no fixed obligation[]" to perform. *David Roth's Sons, Inc. v. Wright & Taylor, Inc.*, 343 S.W. 2d 389, 391 (Ky. App. Ct. 1961). "[A]t any time," "in its sole and absolute discretion," FHTM may amend the Agreement, including the arbitration provisions within the Agreement. R.1-1, P.29. This is so even though FHTM must post notice to IRs of any amendment to the Agreement. A notice provision can constitute consideration for an otherwise illusory contract by limiting a party's ability to unilaterally amend or terminate an

agreement. *See Morrison v. Circuit City Stores*, 317 F.3d 646, 667 (6th Cir. 2003) (upholding an arbitration agreement because an employer had the authority to alter or terminate an agreement at the end of each year only "upon giving thirty days' notice [of the amendment or termination] to its employees."); *see also Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967 (6th Cir. 2008)(upholding an arbitration agreement containing a ninety-day notice provision). The FHTM notice provision, however, does not provide for *advance* notice. Amendments are "effective upon notice to IRs that the Agreement has been modified," which is accomplished by publishing the amendment in official FHTM materials, including posting it on the FHTM website, e-mailing it to IRs, broadcasting it over voice mail, or including it in FHTM periodicals. Notice is "deemed received by the IR upon posting." R.1-1, p.29.

Because this notice provision requires no wait period between the time notice is published and when an amendment takes effect, it does not limit FHTM's "unfettered discretion." *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315 (6th Cir. 2000). FHTM "could inform an [IR] of its decision to radically alter the terms of an arbitration agreement immediately after both parties had bound themselves to the agreement and the [IR] would be left without any of the protections for which he had bargained." *Stanich v. Hissong Group, Inc.*, 2010 U.S. Dist. LEXIS 98709, *19 (S.D. Ohio 2010). There is no promise "to maintain the arbitration agreement" for a specified period of time, and, therefore, not enough of a limitation on FHTM's ability to terminate or amend the arbitration agreement to

constitute consideration.  *Morrison*, 317 F.3d at 667 (6th Cir. 2003)*.*

Even a survival clause in the arbitration provision does not prevent the arbitration agreement from being illusory.  The "agreement to arbitrate shall survive any termination or expiration of the Agreement," but FHTM can remove or alter the arbitration provisions in the Agreement, including the survival clause, while the underlying contracts remain in effect.  R.1-1, p.50.  "[FHTM's] promise to perform is illusory in the sense that [it] has made no legally enforceable commitment, and justice demands the other party should not be bound." *David Roth's Sons, Inc.*, 343 S.W. 2d at 391 (Ky. App. Ct. 1961).  Because this promise to arbitrate is illusory, "there is indeed no sufficient consideration, and therefore no contract." *Id.* (internal citations omitted).  Accordingly,

**IT IS ORDERED** that the defendants' motion to compel arbitration and to dismiss or stay all proceedings, R.44, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Rule 26(f) joint written report with proposed deadlines no later than 30 days from the date of entry of this order.

Signed on September 24, 2012



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY